## Thomas E. Skahen, trading as Thomas E. Skahen & Company, Defendant in Error, v. Jacob Strauss and Bertha Strauss, Plaintiffs in Error.

### Gen. No. 21,097.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN A. MA-HONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed May 12, 1916.

### Statement of the Case.

Action by Thomas E. Skahen, trading as Thomas E. Skahen & Company, plaintiff, against Jacob Strauss and Bertha Strauss, defendants, to recover a commission of two and one-half per cent. on $13,000, for obtaining a purchaser for the premises owned by the defendants. By this writ of error it is sought to reverse a judgment for $325 in favor of plaintiff.

Plaintiff's statement of claim charged that both defendants had requested plaintiff to secure a purchaser for the property in question; and testimony in support of that allegation was introduced. Defendants, in their affidavits of merits, denied that they had either jointly or severally requested plaintiff to secure a purchaser for the premises, and endeavored to introduce testimony to substantiate this contention.

On behalf of the plaintiff, two witnesses—the plaintiff himself, and one George Lynn—testified that Mr. Strauss, as well as Mrs. Strauss, had requested plaintiff to secure a purchaser. On behalf of the defendants, Jacob Strauss denied that he had ever had any conversation with plaintiff or any one from his office with reference to the sale of the property involved in this controversy, and that he had ever requested plaintiff to secure a purchaser for the property. There was also offered the testimony of Mrs. Strauss for the pur-

pose of denying alleged conversations with Lynn and with the plaintiff, wherein she requested plaintiff to secure a purchaser. Objection was made to her testimony for the reason that she was the wife of Jacob Strauss, hence not a competent witness. The objection thereto, which was based upon section 5 of the Evidence Act, ch. 51, Rev. St. (J. & A. ¶ 5522), was sustained, and the exclusion of this offered testimony is urged by defendants as cause for reversal.

RATHJE WESEMANN, for plaintiffs in error; GUY VAN SCHAICK, of counsel.

JAMES R. WARD, for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. WITNESSES, § 53*—*when parties in interest incompetent at common law.* At common law no parties in interest were competent witnesses.

2. WITNESSES, § 54*—*when parties in interest not incompetent under statute.* Under section 1 of the Evidence Act (J. & A. ¶ 5518), the disability of parties in interest as witnesses is removed.

3. WITNESSES, § 32*—*how far disability of husband and wife removed by statute.* Under section 5 of the Evidence Act (J. & A. ¶ 5522), a wife may testify in all cases where, if unmarried, she would be either plaintiff or defendant and in cases where the litigation concerns her separate property, and also in all matters of business transactions wherein she acted as agent of the husband.

4. WITNESSES, § 34*—*when wife competent in action against husband and wife to recover commissions.* In an action by a broker against a husband and wife to recover commissions on the sale of real estate where defendants were joint owners of the property, the wife is competent as a witness.

5. BROKERS, § 84*—*when exclusion of evidence ground for reversal.* In an action by a broker to recover commissions on the sale of real estate brought against a husband and wife as joint owners of the property, it is reversible error for the court to exclude the wife's testimony in contradiction of that of the plaintiff that she had requested him to secure a purchaser.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.